GREEN, J.
delivered the opinion of the court.
The question principally discussed in this case is, whether the failure of the sheriff to give the notice-required by the act of 1813, ch. 103, sec. 2, (Nich. & Car. 296,) will render a sale oF land, by virtue of a ji. fa. void. That act provides, that the sheriff shall advertise the time and place of sale, at four places in *79 the county, one at the court house door, another at the most public place in the neighborhood of the party whose property is to be sold, and two others, at the most public places in the county; and if any sheriff shallsellwithoutgivingsuchnotices, by the first section of the act(Nich. &Car. 181,) he shall be removed from office, and shall be liable to an action for damages, by the party injured.
In the case before us, the forty day’s notice in the newspapers, and the twenty days notice to the party in possession of the land, was given as is required by the act of 1799, ch. 14, sec. 1, (Nich. & Car. 292) but the notices required by the act of 1813, were not given; and it is insisted that the land was sold contrary to law, and that the sale is void.
We think the act of 1813, is to be regarded as directory merely, and was not intended by the legislature to make sales void, which might happen to be made without a strict compliance with every requisite mentioned in the act. It does not declare that sales made without a compliance with its provisions shall be void, as the act of 1799 does. It inflicts a penalty on the sheriff and gives the party injured an action for damages.' Now if the sale were void, the party whose land might be sold would sustain no damages. The fact therefore, that the act gives him an action for damages, plainly indicates that the legislature did not understand by the provisions they were enacting, that the sale would be void. Besides three of these notices were to be given at the most public places in the county. If the sale would be void for not giving one of these notices, for the same reason it would be void if the notices were not at the most public places. If this were the law, we should in every case have an investigation as to whether there were not some place in the county more public that some one at which notice was given. This would lead to endless difficulty and uncertainty, and would render the validity of every sale so uncertain, that plaintiffs would fail to collect their debts, and the property of defendants would be sacrificed without a fair equivalent.
It is manifest therefore, that the legislature did not intend that the omission to give the notices required by the act of 1813, should have the effect to make void the sale. The principles sta *80 ted by the counsel for the plaintiff in error, and the cases cited, apply to a state of things very different from the present. They are either cases where the statute declares the thing shall be void; or where the party doing the thing against law claims a benefit; or when the proceeding is summary, or exparte, or by virtue of a limited authority. None of these cases apply to the one at bar. In the case of Trott vs. McGavock, (1 Yerg. Rep. 469) the court puts the decision expressly upon the ground that the act 1799, declares the sale shall be void. We think there is no error in the judgment of the court below, and order that it be affirmed.